### GEORGE W. BURKE *vs.* CHARLES A. MILLER.

The testimony of one of the subscribing witnesses to a deed is sufficient to prove its execution; unless the judge, in his discretion, requires the production of the others.

When a witness is called to prove the signature of a deed, it is within the discretion of the presiding judge to allow the adverse party, who has not yet opened his case, to cross-examine the witness immediately, on the whole case, or to require him to wait and recall the witness, after having opened his case.

The acts and declarations of one party are not competent evidence to affect another, unless it is first proved that both have been engaged in a common purpose and design; and whether the evidence is sufficient to establish the concert between them, or proper to be laid before the jury as tending to establish it, is within the discretion of the presiding judge, and not a ground of exception.

THIS was a writ of entry to foreclose a mortgage, made by the tenant to Elbridge Hazen, to secure certain promissory notes, and attested by Charles W. Knox and by one De Wolf, and assigned by Hazen to the demandant.

At the trial in the court of common pleas, before *Byington,* J., the demandant called Knox, one of the attesting witnesses, to prove the execution of the mortgage; but did not call De Wolf, the other attesting witness, for this purpose, nor give any excuse for not calling him. The tenant objected, that under the circumstances of this case, the demandant was bound to call the other witness, and that the mortgage was not sufficiently proved to entitle him to read it to the jury. But the judge overruled the objection, and allowed the mortgage to be read in evidence.

After the demandant had examined Knox as to the execution of the deed, the tenant began to cross-examine him as to the circumstances attending its execution, which would tend to support the tenant's plea and specification of defence; but the judge ruled, that as the demandant called the witness merely to prove the execution of the deed, in order to entitle him to read it to the jury, the tenant could not be permitted, at that time, to cross-examine the witness as to these circumstances, but that he might recall the witness after he had opened his case; and the questions then put were accordingly ruled out. The witness was subsequently recalled, and cross-

examined by the tenant, in support of his defence. The demandant then read in evidence his mortgage deed, assignment and notes, and rested his case.

Knox, on being recalled by the tenant, testified, that being a deputy sheriff, and having received a writ of attachment for service, in favor of Hazen against Miller, he went to Miller's house, accompanied by De Wolf and Hazen, on the day of the date of the mortgage; and he testified to many things said and done there by those persons and by Miller, which, the tenant contended, showed that De Wolf and Hazen went to Miller's for the purpose of obtaining the mortgage by fraud, and were acting together in concert for that purpose. This evidence was reported in the bill of exceptions, but is not material to be stated. After introducing this evidence, the tenant offered to prove certain declarations made by De Wolf to the wife and family of Miller, the latter not being present. This being objected to by the demandant, the judge ruled that the declarations were inadmissible, unless communicated to Miller; and there being no such evidence, they were rejected. The tenant, after introducing further evidence, renewed his offer to prove the declarations of De Wolf, but the evidence was rejected as before, and for the same reasons.

The demandant having introduced De Wolf as a witness, he was examined concerning the whole transaction, and the making and execution of the mortgage and notes; and, being inquired of, on cross-examination by the tenant, whether he had made to the wife of Miller the declarations above mentioned, he denied having made the same. The tenant then offered to prove that De Wolf had made the declarations in question; but the evidence was rejected, on the ground that it did not contradict any material or relevant testimony given by De Wolf.

There was much other evidence introduced at the trial, but only so much is reported in the bill of exceptions, as was necessary to present the points of law.

The jury having returned a verdict for the demandant, the tenant alleged exceptions.

*G. Ashmun* and *N. T. Leonard,* for the tenant.

Burke *v.* Miller.

*W. G. Bates*, for the demandant.

BIGELOW, J. The court are of opinion that these exceptions cannot be sustained.

1. The first objection taken to the ruling of the court below is, that the demandant was allowed to read his mortgage in evidence to the jury, after having proved its execution by one of the subscribing witnesses, without having called the other attesting witness, or shown any cause for omitting so to do. We do not understand that there is any inflexible rule of law, which requires that both of the subscribing witnesses to an instrument should be called and examined, in order to make legal proof of its execution. Ordinarily, it is sufficient if one is called and testifies to the due execution of the paper. 1 Greenl. Ev. § 569; 1 Phil. Ev. (4th Am. ed.) 465; *Russell* v. *Coffin*, 8 Pick. 150; *Jackson* v. *Gager*, 5 Cow. 385.

Undoubtedly there may be cases, where, on account of the failure of the recollection of one of the subscribing witnesses, or the appearance of fraud or forgery in the execution of the instrument, the court, in the exercise of its discretion, may hold the party to produce both the witnesses, or give satisfactory reasons for the absence of one of them; but whether this shall be done or not, depends on the circumstances of each particular case, and must be decided by the judge at the trial, in the exercise of a sound discretion, to which no exception can be taken. *Norris* v. *Freeman*, 3 Wils. 38.

But in the present case, there can be no ground for complaint by the tenant, on this point, because the other subscribing witness was called by the demandant during the trial for another purpose, and thus opportunity was given to the tenant to cross-examine him in regard to all the facts and circumstances bearing on the execution of the deed.

2. The next exception is, that the tenant was not allowed to cross-examine the subscribing witness, who was called solely to prove the tenant's signature, in regard to matters which tended to support the plea and specification of defence, until after the note and mortgage had been read in evidence. In this particular, we believe there has been some diversity of practice in the different courts of this commonwealth; the

more common usage having been to permit a party to cross-examine his adversary's witness, in relation to the entire case, although he was called only for formal proof. We are, however, inclined to the opinion, that the strict rule does not permit a party, who has not opened his own case, to introduce it to the jury by cross-examining the witnesses of the adverse party, but that, after having opened it, he is to call them again and cross-examine upon matters material to his case. 1 Greenl. Ev. § 447.

However this may be, it is discretionary with the judge presiding at the trial, to allow either course to be adopted, and his decision on the point is not subject to revisal here. Certainly, in the case at bar, the tenant could not have been prejudiced, as he was allowed to recall the witness, and to cross-examine him at great length, upon all the facts in the case.

3. We think the declarations and statements of De Wolf, made to the wife of the tenant, were inadmissible. They were not made in the presence of Miller or of Hazen, and could not bind them; nor were they so connected with the transaction in question as to form a part of the *res gestæ*. Whether there was sufficient proof of a conspiracy or concert between De Wolf and Hazen, to make the declarations of one competent evidence to affect the other, we cannot determine. The whole of the evidence is not reported in the exceptions, and sufficient does not appear to enable us to pass on this question. The rule is well settled, that acts and declarations of one are competent evidence as affecting another, when it is first proved that both have been engaged in a common purpose and design. But in all such cases, a foundation must be first laid by evidence, sufficient, in the opinion of the judge presiding at the trial, to establish the concert between the parties, or proper to be laid before the jury as tending to prove such fact; and this rests in the discretion of the judge, to be exercised with the utmost caution, lest the jury may be led to infer the fact of a concert or conspiracy from the declarations of strangers. We presume that the tenant in this case had failed to show to the satisfaction of the court,

that any concert or conspiracy existed between the witness and Hazen, and for that reason the declarations of the former were rightly rejected.

It follows, that the tenant could not be permitted to contradict De Wolf as to the declarations maᴄe to the wife of Miller, because, having on cross-examination drawn out his statement of a conversation upon a matter wholly collateral, he was bound to take his answers as he gave them, and could not be allowed to contradict them by independent evidence. *Underhill* v. *Agawam M. F. Ins. Co.* 6 Cush. 440; *Spenceley* v. *De Willott*, 7 East, 108. *Exceptions overruled*

